## Ignatius E. Pfeiffer, by his Next Friend, etc., v. Chicago City Ry. Co.

1. STREET RAILROADS—*Degree of Care Necessary by Operators.*—In the operation of electric cars the operators are not required to guard against every possible danger or against dangers not reasonably to be anticipated; it is enough if all reasonable precautions, in the presence of existing known conditions, or such as may be reasonably foreseen, are used to avoid injury.

2. EVIDENCE—*Testimony that an Electric Car was "Going as Fast as it Could" is Incompetent.*—Evidence that an electric car which injured the plaintiff was "going as fast as it could" is beyond the realm of common observation and is incompetent.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed June 28, 1901.

RICHARD W. MORRISON, attorney for appellant.

WILLIAM J. HYNES and SAMUEL S. PAGE, attorneys for appellee; MASON B. STARRING, of counsel.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This is an action brought by appellant, a minor, plaintiff below, against appellee, defendant below, to recover damages for personal injuries sustained by him through the alleged negligence of appellee.

The plaintiff, while going westward, in the daytime, on or near the south crosswalk of Forty-third street, at its intersection with Wentworth avenue, upon which appellee operated cars by electric motor force, was struck by one of its cars going south, and received such injuries to his right hand as to require the greater part of it to be amputated, and also an injury to his head, which, it is claimed, seriously and permanently affected his brain.

The declaration consisted of three counts. The first charges that defendant by its servants carelessly and improperly drove and managed its car; that by and through

Pfeiffer v. Chicago City Ry. Co.

its negligence, etc., the car struck the plaintiff, causing the injuries, etc.   The second charges negligence in driving the car over the Forty-third street crossing with great and excessive speed, the crossing being so peopled by pedestrians and vehicular traffic as to require caution.   The third charges that the defendant's servants willfully, carelessly, etc., drove the car over the crossing, knowing the plaintiff was crossing thereon, or might have known the same by the exercise of reasonable care, etc.

There was a trial by jury and a verdict in favor of the defendant, which appellant now seeks to reverse on the grounds (1) that the verdict is manifestly against the evidence; (2) that the court erred in its rulings on the evidence, and (3) that the court below erred in giving improper instructions on behalf of the defendant.

The plaintiff, who at the time of the accident was eight years old, was sent by his mother to have his shoe repaired at a shoe store, 4310 Wentworth avenue, about two blocks distant from his home.   He was accompanied by two other boys of about his own age.   After the shoe was repaired they all left the store together.   A wagon coming along from the south on Wentworth avenue, going north on the east track, attracted the attention of the two other boys, who ran toward the wagon, calling to the plaintiff to come.   He hesitated for a moment, and then ran toward the wagon, but did not get on it.   He held on behind until the wagon was at or about the south crossing of Forty-third street, when he let go and turned west and was struck by the car going south on the west track.   Whether the boy let go the wagon and started to cross the west track at the south crosswalk, or a few feet before reaching it, is not determinable with certainty from the conflicting evidence on that point.   A necessary intendment of the verdict, under the evidence, is that, at whatever the point, he came out from behind the cover of the wagon suddenly and attempted to cross the track at a moment when the car was abreast of him, or so nearly so as to render a striking of him by the car unavoidable by the motorman in the exercise of every

reasonable precaution in operating the car. From a careful consideration of the evidence we think such a conclusion by the jury was fully warranted. On the essential facts of the rate of speed at which the car was running, with reference to the conditions shown to exist at the crossing, and of whether the bell or gong was properly sounded, the evidence was conflicting, with, we think, a preponderance in favor of appellee's contention on both questions. We are not disposed to relax in the least the high degree of care the law requires in the operation of electric cars over street crossings, but we can not accede to the full extent of appellant's contention that the existing conditions shown to exist at the time in question required the motorman to have his car under such complete control as to be able to stop it instantly. Not even at a street crossing, are operators of such cars required to guard against every possible danger or against dangers not reasonably to be anticipated. The extreme precaution of running cars so cautiously as to avoid the unusual or extraordinary, of which there is not notice, would prevent the practical operation of the road, and is not required. It is enough if all reasonable precautions in the presence of existing known conditions, or such as may be reasonably foreseen, are used to avoid injury. Whether such care was used by the motorman in the case at bar, was passed upon by the jury in a trial of apparently entire fairness, and the trial judge who saw and heard the witnesses has sanctioned the verdict.

The boy, it is true, was only eight years of age, and that fact was entitled to be considered by the jury, and we are bound to believe was so done.

The plaintiff asked no instruction calling the attention of the jury to the child's immature years, but in at least three of the instructions given at the defendant's request, the law was, in substance, correctly stated, that it was the boy's duty to use for his own safety such care and caution as is usually exercised by children of the same age and degree of intelligence, knowledge and experience, under similar circumstances.

We have considered with attention appellant's suggestions opposed to a large number of appellee's instructions, but are unable to sustain them. Some of them have been incidentally answered in our previous discussion, and as to the others we do not feel they are of sufficient importance to justify prolonging our opinion.

It occasions some wonderment to a burdened court, that counsel for appellee know so much law as to have been able to submit as many as thirty separate instructions applicable to a case of this character, without committing harmful error, but it seems to be the case.

Two rulings are complained of with respect to the admission of evidence, but we do not regard that material error was committed in them. A witness had already properly testified the car was going very fast (Overtoom v. C. & E. I. R. R. Co., 181 Ill. 323), but to add that it was "going as fast as it could" was beyond the realm of common observation or of any issuable measure of speed, and the quoted part of the answer was properly struck out. Another witness, the motorman, was allowed to answer the question if there was anything he could do, more than was done, to avoid the accident. This was plainly wrong, but he had already testified to all that was done and that general knowledge suggests as capable of being done in such an emergency, and we do not think the error could have been in any way harmful.

A painstaking examination of the record convinces us that substantial justice has been done and the law properly administered in the case, and that the judgment ought to be affirmed.